**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JOSEPH KELLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:26-CV-49 (MTT)** |
| ) | |
| **CITY OF COCHRAN, GEORGIA, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On February 11, 2026, plaintiff Joseph Kelly, proceeding pro se, filed his

complaint. ECF 1. That same day, he filed a motion to proceed *in forma pauperis*

("IFP"). ECF 2. For the reasons stated, Kelly's motion to proceed IFP (ECF 2) is

**GRANTED**. However, Kelly has filed a shotgun pleading. Thus, if Kelly wishes to

maintain this action, the Court **ORDERS** Kelly to amend his complaint by **May 28, 2026.**

### I. DISCUSSION

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement,
prosecution or defense of any suit, action or proceeding, civil or criminal,
or appeal therein, without prepayment of fees or security therefor, by a
person who submits an affidavit that includes a statement of all assets
such prisoner possesses[1] that the person is unable to pay such fees or
give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Kelly's IFP affidavit establishes that he cannot pay the court fees. ECF 2. Thus, the Court finds that Kelly is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Kelly is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

In his 152-page complaint, Kelly asserts 26 claims against at least 17 defendants. Kelly's claims arise from two parallel series of events occurring in late 2023 through 2024. The first involved an ongoing personal dispute with Kelly's former partner, C.H., which led to multiple custody and protective order proceedings, and ultimately resulted in Kelly's arrest. ECF 1 ¶¶ 14-16, 25-87, 95, 161-322. The second involves a dispute arising out of Kelly's role as a manager of Bleckley County's webpage, Bleckley.org. *Id.* ¶¶ 8-9, 88-94, 97-161. Kelly allegedly used his access to the Bleckley County system to gain unauthorized access to electronic communications related to his disputes with C.H. *Id.* ¶¶ 97-98. Kelly was investigated by the Bleckley County Sheriff's Office, which resulted in the search of his residence and his arrest. *Id.* ¶¶ 97-98, 102-116. Kelly appears to assert that the defendants are liable under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments. *Id.* ¶¶ 1-3. Kelly also asserts a state law claim for "Computer Invasion of Privacy" under O.C.G.A. ¶ 16-9-93(g). *Id.* ¶¶ 468-82. Kelly seeks declaratory relief, injunctive relief, compensatory and special damages, punitive damages, and attorney's fees and costs. *Id.* at 148-152.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff is required to "state [his] claims . . . in numbered paragraphs" and to state each claim "in a separate count" if it would "promote clarity." Fed. R. Civ. P. 10(b). The purpose of these rules is to "'require the pleader to present his claims discretely and succinctly, so that,

his adversary can discern what he is claiming and frame a responsive pleading [and so] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir.1985) (Tjoflat, J., dissenting)).

"A Shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023). There are four main types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate[] into a different count each cause of action or claim for relief" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23 (citations omitted). Kelly's complaint has at least two, if not more, characteristics of a shotgun pleading.

While Kelly attempts to separate each of his claims into separate counts, each claim "incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein." *See, e.g.*, ECF 1 ¶¶ 367, 399, 418, 433. Thus, "each count is replete with factual allegations that could not possibly be material to that specific count,

and … any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Moreover, Kelly alleges "immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Kelly's statement of facts is around 50 pages long and consists of over 300 factual allegations, many of which have no apparent relevance to Kelly's claims. ECF 1 at 10-63 (¶¶ 8-322); *see, e.g., Id.* ¶¶ 12, 18-22. Finally, Kelly's complaint fails to make clear who he asserts claims against. Kelly lists 17 defendants in the section entitled "The Parties to This Complaint." *Id.* at 1-6. But throughout his complaint, Kelly also labels several other individuals as defendants, such as Abel Rios, Dewayne Hunter, Deputy Magistrate Judge Jennifer Knight, Defendant Officer Ennis, and at least one John Doe defendant. *Id.* ¶¶ 36, 41, 284-85, 291. Thus, there is no way of knowing whether Kelly seeks to bring claims against the "defendants" not listed as parties.

In sum, Kelly's complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," and is, therefore, an impermissible shotgun pleading. *Weiland*, 792 F.3d at 1323. Because Kelly's complaint is a shotgun pleading, he is **ORDERED** to amend his complaint by **May 28, 2026**.

While the Court will not, at this time, impose a strict page limit, Kelly's amended complaint must comply with Rule 8's requirement for a "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The amended complaint must also comply with Rule 10's requirement to "state [his] claims . . . in numbered paragraphs" and to state each claim "in a separate count" if

it would "promote clarity." Fed. R. Civ. P. 10(b). Failure to do so may result in the dismissal of this action.

Kelly's amended complaint must list as a party to this action each defendant he wishes to assert a claim against. In the "statement of claims" section of his amended complaint, Kelly must link any claims he makes to a named defendant. If Kelly fails to link a named defendant to a claim, the claim will be dismissed; if Kelly makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Kelly must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law, but his complaint shall not contain unnecessary factual allegations. It is also recommended that, when drafting his "statement of claims," Kelly list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Kelly injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Kelly's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Kelly may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271,

1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Kelly should be aware that Rule 20(a)(2) of the Federal Rules of Civil Procedure only allows defendants to be joined in the same action when the plaintiff's claims against each defendant arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Thus, Kelly may only bring claims against multiple defendants if those claims are related, as defined by Rule 20.

The Court further notes that Kelly asserts claims against several judges and prosecutors. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all discretion.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citation modified). Likewise, "a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir. 2009). As the Court stated in its order for artificial intelligence disclosure, Kelly is under an obligation to bring only claims which he, in good faith, believes are "warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b). If Kelly's amended complaint asserts claims that have no legal basis, such as claims against defendants who are immune from relief, those claims will be dismissed.

## II. CONCLUSION

For these reasons, Kelly's motion to proceed IFP (ECF 2) is **GRANTED**, and Kelly is **ORDERED** to amend his complaint by **May 28, 2026**.

-9-

**SO ORDERED**, this 7th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-9-