**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOSEPH KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-49 (MTT)** |
| | ) | |
| **CITY OF COCHRAN, GEORGIA, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Joseph Kelly moves the Court for "extension of time and for reconsideration of the dismissal of his Fourth Amendment claim against Assistant District Attorney Bradford Childers." ECF 22 at 1. For the following reasons, Kelly's motion for reconsideration and request for extension is **GRANTED.**

## I. BACKGROUND

On May 28, 2026, Kelly filed a 53-page second amended complaint against 14 defendants, including various officers, judges, and prosecutors. ECF 6 at 2–5. Kelly's claims arise from several arrests, searches, and court proceedings relating to criminal charges brought against Kelly in 2024. Because Kelly is proceeding in forma pauperis ("IFP"), the Court conducted a frivolity review of his claims. ECF 10. On September 17, 2026, the Court dismissed several of Kelly's claims for failure to state a claim. *Id.* at 21. Relevant here, the Court dismissed a claim against former Assistant District Attorney Bradford Childers for false arrest, concluding that Childers was absolutely immune. *Id.*

at 12–14. Kelly now moves for reconsideration of the dismissal of his false arrest claim against Childers.[1] ECF 22.

## II. STANDARD

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

## III. DISCUSSION

Kelly "seek[s] reconsideration solely regarding Defendant Childers and the November 19, 2024 arrest." ECF 22 at 3–4. Kelly argues, incorrectly, that Childers is not entitled to prosecutorial immunity because Childers's actions occurred before the "judicial process had begun." *Id.* at 4. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the

[1] Kelly filed his motion for an extension of time and reconsideration on October 7, 2026, six days late. ECF 22. He requests "a short extension of time based on excusable neglect." *Id.* at 1. Kelly's request for an extension is **GRANTED.**

courtroom."); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity … includ[ing] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.").

But Kelly argues, correctly, that prosecutors are not entitled to absolute immunity when performing certain investigative functions ordinarily performed by police officers. ECF 22 at 3–4. *See Buckley*, 509 U.S. at 273 ("There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand.").

Although the allegations in Count Four are sparse, Kelly alleges additional facts elsewhere in his second amended complaint that support a plausible inference that Childers performed an investigative function not protected by absolute immunity. Specifically, Kelly alleges that Childers instructed an officer on the scene to arrest Kelly and then informed the officer that he would come to the scene. ECF 6 ¶¶ 65–66.

Childers's arrival at the scene and refusal to review video evidence are insufficient, by themselves, to establish that he was engaged in an investigative function not subject to absolute immunity. *Id.* ¶ 67. But Kelly further alleges that officers on the scene began taking instructions from Childers. *Id.* ¶¶ 68–71. Kelly also alleges that

Childers interviewed the alleged victim. *Id.* ¶ 69. Although interviewing a victim does not necessarily constitute an investigative function, Kelly alleges that the officer on scene initially determined that Kelly's conduct was lawful and that the victim was the aggressor. *Id.* ¶¶ 62–64. Taken together, the allegations that Childers assumed control of the investigation, interviewed the victim, and directed Kelly's arrest support a plausible inference that Childers was developing the factual basis for an arrest rather than preparing for prosecution.

Those allegations, although thin, are sufficient at this stage to preclude a determination that Childers is entitled to absolute prosecutorial immunity with regard to the false arrest claim in Count Four. Of course, Childers may assert any appropriate immunity defenses.

## IV. CONCLUSION

Kelly's motion for reconsideration and request for extension (ECF 22) is **GRANTED**. Accordingly, it is **ORDERED** that service be made on former Assistant District Attorney Bradford Childers of the Oconee Judicial Circuit by the United States Marshal Service.[2]

**SO ORDERED**, this 6th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[2] The Clerk is DIRECTED to add former Assistant District Attorney Bradford Childers as a defendant.